IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31184
Summary Calendar
_____

GEORGE W. PORTER, JR.,

Plaintiff - Appellee-Cross-Appellant,

CHERYL H. PORTER,

Plaintiff-Appellant,

versus

K-MART CORPORATION,

Defendant - Appellant-Cross-Appellee - Appellee.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-667-E

_____

December 29, 1999

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

During a trip to K-Mart during the fall of 1996, George Porter was injured when a mounted cabinet fell on him as he tried to open one of its doors. The jury found in favor of the plaintiff and awarded him $80,000 in damages. Both Mr. Porter and K-Mart appeal the judgment on various grounds.

II

A

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The parties first challenge the jury's decision to apportion ten percent of the liability to Porter and ninety percent to K-Mart. Each side thinks the other should pay more. We conclude that a reasonable jury could have apportioned damages in this way. See Myers v. Griffin-Alexander Drilling Co., 910 F.2d 1252, 1254 (5th Cir. 1990). There was reason to believe that each party carried part of the blame for the accident. Porter had tried to open the door of a heavy cabinet mounted above the ground and partly-secured, which the jury could have determined was negligent. And since the cabinet fell, a jury could have reasonably concluded that the cabinet had been negligently-secured.

B

Both K-Mart and Porter attack the award of $50,000 for lost future earnings as well. K-Mart argues that a plaintiff must present expert testimony in establishing future loss of income and that Porter did not do so. But the case K-Mart cites for that proposition, Naman v. Schmidt, 541 So.2d 265 (La.App. 4th Cir. 1989), does not make such expert testimony a requirement.

Porter, on the other hand, charges that the award was too low. He asserts that his income from the army reserves would have risen from $4,000 to $6,600 per year over the next forty-five years, and that $200,000 is therefore a more accurate award. Ignoring Porter's failure to acknowledge the concept of net present value, his intention to serve until retirement was a credibility determination for the jury.

2

We therefore find that a reasonable jury could award $50,000 for lost future earnings.

C

K-Mart challenges the jury's award of $20,000 for lost past income. Porter's salary from the military reserves and driving limousines varied somewhat each year but tended to be close to $10,000. He had missed almost two years of work since the accident. Whether Porter had returned to work was a credibility issue for the jury. Under these circumstances, the facts were sufficient to support the award.

D

K-Mart also challenges the $10,000 award for future medical expenses. As Porter points out, this amount is a reasonable total for future lifetime pharmaceutical bills.

E

Finally, K-Mart charges that since the district court found that the jury's award for past medical expenses was clearly erroneous, all of the jury's awards should be overturned. All this proves, however, is that the district court did an exemplary job in reviewing the awards for sufficiency, which gives us additional cause to believe they were reasonable.

F

We turn now to Porter's two remaining claims of error. He asserts that the jury's awards for his past and future pain and suffering, mental anxiety, disability, and loss of life's

pleasures, and for his wife's loss of consortium, were too low. While his brief presents testimony that might support his contentions, it was the jury's job to evaluate the testimony. We will not disturb the jury verdict simply because it did not accept Porter's evidence and testimony in the fullness of his presentation.

### III

For the reasons stated herein, the district court's decision in all respects is

A F F I R M E D.